UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| HARDEE'S FOOD SYSTEMS, INC., | ) |
| | ) |
| Plaintiff / Counterclaim Defendant, | ) |
| | ) |
| v. | ) No. 4:09CV00664 AGF |
| | ) |
| JEFFREY T. HALLBECK, DIANNE | ) |
| HALLBECK, SCOTT HALLBECK, ROBIN | ) |
| HALLBECK, and CAROLYN HALLBECK, | ) |
| | ) |
| Defendants / Counterclaim Plaintiffs. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff Hardee's Food Systems, Inc.'s motion dated November 1, 2010, for leave to file an amended complaint.[1] For the reasons set forth below, this motion shall be held in abeyance until December 1, 2010.

## BACKGROUND

In Count I of the original complaint filed on April 29, 2009, Plaintiff, as franchisor, seeks damages allegedly resulting from the early termination by Defendants, as franchisees, of a Renewal Franchise Agreement ("RFA") between the parties. In Count II, Plaintiff seeks damages resulting from the alleged breach by four of the Defendants of personal guarantees guaranteeing Defendants' performance under the RFA.

---

[1] November 1, 2010, was the last day that the filing of amended pleadings was permitted under the Amended Case Management Order governing the case. This deadline was initially set as August 6, 2010, but was extended by the Court on Defendants' request dated August 31, 2010.

The damages alleged in both counts are fees provided for in the RFA "of more than $50,000" that Plaintiff would have received during the 16 months remaining on the term of the RFA. Plaintiff also seeks its attorney's fees, "well in excess of $30,000," pursuant to the provision in the RFA granting attorney's fees to the prevailing party in a judicial proceeding to enforce the RFA.

Count III of the original complaint seeks declaratory and injunctive relief to enforce Defendants' covenant in the RFA not to transfer, within two years of termination, the franchised location to any entity that intends to operate a restaurant there. On April 10, 2010, Defendants filed an amended answer and amended counterclaims seeking damages for breach of the RFA and the covenant of good faith and fair dealing (by failing to provide proper advertising and support) and a declaratory judgment that the post-termination obligation involved in Count III of the complaint is not enforceable.

Plaintiff's proposed amended complaint re-characterizes the damages Plaintiff is seeking in Counts I and II of its original complaint as "damages in an amount that will be proved at trial," and omits Count III altogether. With respect to its omission of Count III from the proposed amended complaint, Plaintiff states that given that 20 of the 24 post-termination months of the restrictive covenant at issue have already run without Defendants violating the covenant, a breach of the covenant "at this point seems unlikely," and thus Plaintiff "deems it appropriate to withdraw Count III . . . in order to spare the parties unnecessary expense and the Court unnecessary time and effort to decide a matter which will soon be academic." Plaintiff states that any prejudice to

Defendants resulting from allowing the amended complaint is unlikely as no depositions have yet been taken in the case.

In opposition to the motion, Defendants argue that by dismissing Count III, Plaintiff is trying to avoid the risk of an adverse judgment on Count III and liability for "Defendants' damages and attorneys' fees." Defendants assert that during the 18 months between commencement of this action and the filing of the present motion, the property in question was kept "tied up" by the pendency of Count III, resulting in damages to Defendants due to the diminution in the value of the property and the costs of maintaining it. Relying on cases under Federal Rule of Civil Procedure 41(a)(2), which deals with voluntary dismissal of an action, Defendants state that at a minimum, Count III should be dismissed with prejudice and/or with Plaintiff paying the expenses and fees that Defendants have incurred in defending against Count III to date. Defendants mention their "forthcoming motion for summary judgment" in which they argue that the restrictive covenant in question is not enforceable (under Illinois law).

Defendants also oppose the proposed amendment to the request for damages in Counts I and II. They state that prior to and during this action, Plaintiff fixed its damages at about $50,000 (not including attorney's fees), and allowing Plaintiff to amend its complaint "at this late juncture . . . to increase the amount of potential damages [Plaintiff] is seeking" would prejudice Defendants by possibly requiring them to seek additional expert consultation and/or discovery into Plaintiff's revised damages calculations.

Plaintiff replies that the standard to be applied to its motion with regard to omitting Count III is the one applied to motions to amend pleadings under Rule 15(a), and not the one applied to motions under Rule 41(a)(2) to voluntary dismissal of "an action."[2] Plaintiff argues that no prejudice to Defendants would ensue if Plaintiff is permitted to omit Count III, and that whatever attorney's fees Defendants incurred in defending Count III, were incurred anyway for the purpose of supporting Defendants' own counterclaim that the restrictive covenant at issue was not enforceable. Plaintiff does not indicate whether it anticipates that it's abandonment of Count III would be with or without prejudice.

Plaintiff asserts that its proposed amendments to the damages request in Counts I and II do not expose Defendants to increased damages based on anticipated fees Plaintiff allegedly would have received had the RFA run its full term. In fact, Plaintiff states, these damages amounted to slightly less than previously claimed by Plaintiff.

## **DISCUSSION**

"A district court should freely give leave to a party to amend its pleadings when justice so requires, Fed. R. Civ. P. 15(a); however, it may properly deny a party's motion

---

[2] Rule 41(a)(2) provides that if an answer has been filed, a plaintiff may dismiss an action only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

to amend its complaint when such amendment would unduly prejudice the non-moving party or would be futile." Popoalii v. Corr. Med. Servs., 512 F.3d 488, 497 (8th Cir. 2008). The Court first concludes that the proposed amendments to Count I and II should be permitted. The Court discerns no prejudice to Defendants resulting from these amendments.

With respect to the omission of Count III, the Eighth Circuit has recognized that the difference between Rule 15(a) and Rule 41(a)(2) in this context is technical rather than substantive, and the same considerations are relevant to dropping the claim regardless of which rule is invoked. See Wilson v. Crouse-Hinds Co., 556 F.2d 870, 873 (8th Cir. 1977); Graco, Inc. v. Techtronic Indus. N. Am., Inc., No. 09-1757 (JRT/RLE), 2010 WL 915213, at *2-3 (D. Minn. March 9, 2010) (citing cases); 6 Charles Alan Wright, et al., Federal Practice & Procedure § 1479 (3d ed. 2010).

In the context of Rule 41(a)(2), the Eighth Circuit has identified several factors a court should consider, including the defendant's effort and expense involved in preparing for trial, whether there was excessive delay on the part of the plaintiff in prosecuting the action, the sufficiency of the explanation of the need to take a dismissal, whether a motion for summary judgment has been filed by the defendant, and whether allowing the dismissal would lead to any prejudice resulting from uncertainty over title to land. Paulucci v. City of Duluth, 826 F.2d 780, 783 (8th Cir. 1987); see also Furminator, Inc. v. Munchkin, Inc., No. 4:08CV00367 ERW, 2009 WL 4430283, at *3 (E.D. Mo. Nov. 25, 2009) (noting these factors in the context of a motion for voluntary dismissal of just

one claim in a multi-claim action).

Here, the Court concludes that dismissal of Count III should be allowed, but only upon the condition that the dismissal be with prejudice.  A dismissal without prejudice would leave uncertainty as to Defendants' rights to transfer the property.  Furthermore, although the motion for leave was filed within the deadline permitted for amendments to pleadings in this case, it was filed a full 18 months after Count III was asserted, and shortly before the deadline for filing case dispositive motions.

Plaintiff has the choice of accepting this condition, or withdrawing its motion for leave to file the amended complaint, to the extent it withdraws Count III.  See Furminator, Inc., 2009 WL 4430283, at *5 (explaining that when a plaintiff requests dismissal without prejudice and the district court intends to dismiss with prejudice, the district court must give the plaintiff notice of its intention and a chance to withdraw the request and proceed with litigation).  If Plaintiff accepts the condition, the Court discerns no basis for imposing the further or alternative condition requested by Defendants, namely, that Plaintiff pay their expenses and fees incurred in defending against Count III.

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff shall have up to and including Wednesday, December 1, 2010, to notify the Court that it elects to proceed with Count III rather that accept the condition that dismissal of this count be with prejudice.  If the Court

does not receive such notice, Count III will be dismissed with prejudice and Plaintiff's motion for leave to file the proposed amended complaint will be granted.

                                                              _____
                                                              AUDREY G. FLEISSIG
                                                              UNITED STATES DISTRICT JUDGE

Dated this 24th day of November, 2010.