IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| HARDEE'S FOOD SYSTEMS, INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 4:09-CV-00664-AGF |
| JEFFREY T. HALLBECK, et al. | ) ) ) |
| Defendants. | ) ) |

## PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES

COMES NOW Plaintiff Hardee's Food Systems, Inc. ("Hardee's") and for its First Amended Complaint for damages against Defendants Jeffrey T. Hallbeck, Dianne S. Hallbeck, Scott R. Hallbeck, Robin Hallbeck, and Carolyn J. Hallbeck (collectively referred to herein as the "Franchisee" or the "Hallbecks"), states and alleges as follows:

### PRELIMINARY STATEMENT

1. This is an action for damages arising from breach of a franchise agreement and default under a guarantee and assumption agreement.

### THE PARTIES, JURISDICTION AND VENUE

2. Plaintiff Hardee's is a North Carolina corporation with its principal place of business in the City of St. Louis, Missouri.

3. Defendants are each citizens and residents of the state of Wisconsin.

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 in that there is complete diversity of citizenship between the parties and the amount in controversy, exclusive of interest and costs, exceeds the sum or value of $75,000.



EXHIBIT 1

5. This Court has personal jurisdiction over each of the Hallbecks pursuant to Section 506.500 RSMo., in that the causes of action asserted herein arise out of the Hallbecks' transaction of business and/or the making of a contract in the State of Missouri.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391.

## THE RENEWAL FRANCHISE AGREEMENT

7. Hardee's is the franchisor of the HARDEE'S Restaurant System. In that capacity, Hardee's operates and licenses others to operate quick-service restaurants that are identified by the HARDEE'S service mark and use methods and procedures developed by Hardee's for that purpose.

8. Today, there are 1689 HARDEE'S restaurants operating in the United States. 1222 of those restaurants are operated by franchisees of Hardee's, and 467 are operated by Hardee's itself or its affiliates.

9. As of June 19, 2005, Hardee's and the Hallbecks entered into a written agreement entitled "Hardee's Restaurant Renewal Franchise Agreement", together with two written addenda entitled "Renewal Addendum to Hardee's Restaurant Franchise Agreement" and "Addendum to the Hardee's Restaurant Franchise Agreement Required for Illinois Franchisees." A copy of the agreement and its two addenda is attached hereto as Exhibit A, and the three documents are collectively referred to herein as the "Renewal Franchise Agreement."

10. In the Renewal Franchise Agreement, Hardee's agreed that the Hallbecks could continue to operate their restaurant located at 2625 Columbus, Ottawa, IL 61350 (the "Restaurant") under the HARDEE'S service mark and to use Hardee's system of operation for a period of five years, commencing on June 19, 2005. For many years before that, the Hallbecks had been licensed by Hardee's to operate that restaurant pursuant to a franchise agreement that expired on the date of the Renewal Franchise Agreement.

11. In exchange, the Hallbecks agreed, among other things, (1) to operate the Restaurant pursuant to the Franchise Renewal Agreement until June 18, 2010; (2) to "continuously exert [their] best efforts to promote and enhance the business of the Franchised Restaurant" (Renewal Franchise Agreement, Section 1.A.; 17.A.) for the term of the agreement, (3) to pay royalty fees, advertising fees and other amounts to Hardee's and its affiliates as required by the agreement, and (4) to perform periodic remodeling of the Restaurant to conform to the current image for HARDEE'S restaurants.

## THE GUARANTEE AND ASSUMPTION AGREEMENT

12. Concurrently with their entry into the Renewal Franchise Agreement, each of the Hallbecks except Defendant Dianne Hallbeck entered into a Guarantee And Assumption Of Franchisee's Obligations, in which they each personally and unconditionally guaranteed all of the obligations of the Franchisee under the Renewal Franchise Agreement, and further agreed to be personally bound by each provision of the Renewal Franchise Agreement and to be personally liable for the breach of each of those provisions (the "Guarantee And Assumption Agreement"). The Guarantee And Assumption Agreement was affixed to the Renewal Franchise Agreement at the time that agreement was entered into. For convenience, a copy of the Guarantee And Assumption Agreement is attached separately hereto as Exhibit B.

## THE HALLBECKS' REPUDIATION AND ABANDONMENT OF THEIR OBLIGATIONS UNDER THE RENEWAL FRANCHISE AGREEMENT

13. On February 22, 2009, the Hallbecks repudiated and abandoned their contractual obligations to operate, and to use their "best efforts" to operate, the Restaurant continuously for the term of the Renewal Franchise Agreement. On that date, they permanently ceased operation of the Restaurant as a HARDEE'S restaurant, despite having been told explicitly by Hardee's that Hardee's did not consent to their premature cessation of operation, closure of the Restaurant,

3

or abandonment of the franchise. A copy of the Hallbecks' notice to Hardee's of their permanent closure of the Restaurant and cessation of operations as of February 22, 2009 (the "Notice of Closure") is attached hereto as Exhibit C.

14. Although the Hallbecks' Notice of Closure stated that they had closed the Restaurant because of "ongoing negative sales trends," sales at the Restaurant for 2008 were the highest of any year since the Renewal Franchise Agreement had been entered into.

15. By a "Notice of Default and Termination" dated February 27, 2009, and a subsequent "Notice of Abandonment" dated March 10, 2009, Hardee's advised the Hallbecks that their unauthorized cessation of operation, closure of the Restaurant as a HARDEE'S Restaurant and abandonment of their franchise on February 22, 2009 had resulted in the termination of the Renewal Franchise Agreement as of February 28, 2009. Copies of these two Notices are attached hereto as Exhibits D and E.

## COUNT I

### (For Damages For Breach Of Contract)

16. As and for Paragraph 16 of its Amended Complaint, Hardee's re-states and re-alleges the foregoing Paragraphs 1 through 15 as if set out in full.

17. The Hallbecks' repudiation of their obligations to operate their franchised restaurant pursuant to, and continuously for the full term of, the Renewal Franchise Agreement and their cessation of operation of that restaurant constituted a material breach of the Renewal Franchise Agreement.

18. Until the Hallbecks' repudiation and abandonment of their franchise, Hardee's had substantially performed all of its obligations under the Renewal Franchise Agreement.

4

19. As the natural and proximate result of the Hallbecks' material breach of the Renewal Franchise, Hardee's has been deprived of the benefit of its bargain for the continuous operation of the Hallbecks' HARDEE'S restaurant for the full five year term of the Renewal Franchise Agreement.

20. As the natural and proximate result of the Hallbecks' material breach of the Renewal Franchise Agreement, Hardee's has sustained damages in an amount that will be proved at trial and Hardee's right to recover such damages was within the contemplation of the parties when they entered into the Renewal Franchise Agreement requiring performance by the Hallbecks for a fixed term of five years.

21. Hardee's is entitled to recover such damages as may be proven or found appropriate at trial.

22. In addition, Hardee's is entitled under Sections 3.H. and 27.E. of the Renewal Franchised Agreement to recover its reasonable attorneys fees, cost and expenses incurred in connection with this action.

## COUNT II

**(For Damages For Default Under The Guarantee And Assumption Agreement)**

23. As and for Paragraph 24 of its Amended Complaint, Hardee's re-states and re-alleges the foregoing Paragraphs 1 – 23 as if set out in full.

24. The Hallbecks have failed and refused to compensate Hardee's for the damages caused by their material breach of the Renewal Franchise Agreement and have failed and refused to operate the Restaurant for the full five year term of the Renewal Franchise Agreement. Their failure and refusal in both respects constituted material defaults by the Hallbecks (except for Dianne Hallbeck) under their Guarantee And Assumption Agreement.

25. Hardee's has demanded that the Hallbecks (except Dianne Hallbeck) comply with their obligations under the Guarantee And Assumption Agreement, but they have refused to do so.

26. As a natural and proximate result of the Hallbecks' (except for Dianne Hallbeck) material defaults under their Guarantee And Assumption Agreement, Hardee's has suffered damages in such amount as will be proved at trial.

27. Hardee's is entitled to recover such damages as may be proven or found appropriate at trial.

28. In addition, Hardee's is entitled under the Guarantee And Assumption Agreement to recover its reasonable attorney fees, costs and expenses incurred in connection with this action.

## PRAYER FOR RELIEF

THEREFORE, Hardee's demands judgment:

1. Against Defendants Jeffrey T. Hallbeck, Dianne S. Hallbeck, Scott R. Hallbeck, Robin Hallbeck, and Carolyn J. Hallbeck, jointly and severally, on Count I of the Complaint awarding Hardee's its damages suffered as the result of the Hallbecks' material breach of the Renewal Franchise Agreement in an amount proven or found appropriate at trial, including, without limitation, Hardee's reasonable attorneys' fees, costs and expenses as required under the Renewal Franchise Agreement, plus applicable pre-judgment interest.

2. Against Defendants Jeffrey T. Hallbeck, Scott R. Hallbeck, Robin Hallbeck, and Carolyn J. Hallbeck, jointly and severally, on Count II of the Complaint awarding Hardee's its damages as the result of their material default under the Guarantee And Assumption Agreement in an amount proven or found appropriate at trial, including, without limitation, Hardee's

reasonable attorneys' fees, costs and expenses as required under the Guarantee And Assumption Agreement, plus applicable pre-judgment interest.

3. For such other relief as the Court deems just and proper.

                                                                  THE STOLAR PARTNERSHIP LLP

                                                                  By:  /s/ Michael A. Fisher
                                                                       Michael A. Fisher (#3106)
                                                                       maf@stolarlaw.com
                                                                 By: /s/ Susan Nell Rowe
                                                                        Susan Nell Rowe (#4219)
                                                                        snr@stolarlaw.com
                                                                 911 Washington Avenue
                                                                 St. Louis, Missouri 63101-1290
                                                                 (314) 231-2800 (telephone)
                                                                 (314) 436-8400 (facsimile)

                                                                Attorneys for Plaintiff
                                                                Hardee's Food Systems, Inc.

09109869.DOC