IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| HARDEE'S FOOD SYSTEMS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 4:09-CV-00664-AGF |
| ) | |
| JEFFREY T. HALLBECK, et al. ) | |
| ) | |
| Defendants. ) | |
| ) | |

**ANSWER AND AFFIRMATIVE DEFENSES OF PLAINTIFF
HARDEE'S FOOD SYSTEMS, INC. TO COUNT I
OF DEFENDANTS' FIRST AMENDED COUNTERCLAIMS**

Comes Now Plaintiff Hardee's Food Systems, Inc., and for its answer to Count I of Defendants' First Amended Counterclaims ("Counterclaim"), states the following:

1. Admits the allegations contained in paragraph 1 of the Counterclaim.

2. Admits the allegations contained in paragraph 2 of the Counterclaim.

3. Plaintiff admits that the Defendants are all citizens of the State of Wisconsin and that the Plaintiff is a North Carolina Corporation with its principal place of business in St. Louis, Missouri.  Plaintiff denies the remaining allegations contained in paragraph 3 of the Counterclaim.

4. Admits that the Court has declared venue to be proper in this District.  The remaining allegations contained in paragraph 4 of the Counterclaim assert a conclusion of law to which no answer is required.  To the extent an answer is required to the remaining allegations contained in paragraph 4, Plaintiff denies the same.

5. Admits that Defendants first opened a HARDEE'S restaurant in Ottawa in the early 70's, that the HARDEE'S restaurant owned by Defendants in Ottawa moved to its present location in or about 1985, that Defendants formerly owned 21 Hardee's restaurant franchises,

that Defendants sold or closed all of the HARDEE'S restaurants owned by Defendants except for the one in Ottawa in the time period from 1995 through 2007.  Plaintiff is without knowledge or information sufficient to form a belief about the truth of the allegations that the Ottawa HARDEE'S was once Defendants' "most successful store" and formerly had annual sales "consistently" in the $1.2 million range and therefore denies the same.  Plaintiff denies the remaining allegations contained in paragraph 5 of the Counterclaim.

6.      Plaintiff is without knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 6 of the Counterclaim and therefore denies the same.

7.      Admits that in 2005 the Defendants renewed the franchise agreement for the Ottawa, Illinois HARDEE'S restaurant for a five year term.  Plaintiff denies the remaining allegations contained in paragraph 7 of the Counterclaim and its subparts.

8.      Admits that the renewal franchise agreement for the Ottawa, Illinois HARDEE'S restaurant was for a five year term, had an effective date of June 19, 2005, and incorporated an Illinois Addendum, which such Illinois Addendum provides its own best evidence of its provisions.  Plaintiff denies the remaining allegations of paragraph 8 of the Counterclaim to the extent they are inconsistent with such provisions.

9.      Denies that the Illinois Addendum substituted Illinois law for Missouri law, states that the Illinois Addendum provides its own best evidence of its provisions, and denies the remainder of the allegations contained in paragraph 9 of the Counterclaim to the extent they are inconsistent with such provisions.

10.     Admits that Defendants closed their LaSalle, Illinois HARDEE'S restaurant in 2006, that Defendants sold and transferred their Dixon, Illinois HARDEE'S restaurant in 2006 to

another Hardee's franchisee, and that Defendants closed their Kewanee, Illinois HARDEE'S restaurant in 2006. Plaintiff is without knowledge or information sufficient to form a belief about the truth of the allegations that Defendants sold their LaSalle, Illinois HARDEE'S restaurant to Arby's in early 2006 and therefore denies the same. Plaintiff denies the remaining allegations contained in paragraph 10 of the Counterclaim.

11. Admits that Exhibit C to the franchise agreement provides its own best evidence of its provision. Plaintiff is without knowledge or information sufficient to form a belief about the truth of the allegations concerning Defendants' expectations when they renewed the Ottawa franchise and therefore denies the same. Plaintiff denies the remaining allegations contained in paragraph 11 of the Counterclaim.

12. Plaintiff is without knowledge or information sufficient to form a belief about the truth of the allegations that Defendants received negative backlash from their customers from allegedly controversial television ads allegedly run by Hardee's in other markets and therefore denies the same. Plaintiff denies the remaining allegations contained in paragraph 12 of the Counterclaim.

13. Plaintiff states that the commercial referred to in paragraph 13 of the Counterclaim provides its own best evidence of its content and denies the remaining allegations contained in said paragraph.

14. Plaintiff states that the commercial referred to in paragraph 14 of the Counterclaim provides its own best evidence of its content and denies the remaining allegations contained in said paragraph.

15. Admits that the referenced "ads" did not air in Defendants' market. Plaintiff is without knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 15 and therefore denies the same.

16. Denies the allegations contained in paragraph 16 of the Counterclaim.

17. Plaintiff admits that it did not consult Defendants about Plaintiff's decision to close Plaintiff's Spring Valley restaurant. Plaintiff is without knowledge or information sufficient to form a belief about the truth of the allegations with respect to what the LaSalle Illinois News Tribune reported and therefore denies the same. Plaintiff denies the remaining allegations contained in paragraph 17 of the Counterclaim.

18. Admits that the end of the franchise term was June 18, 2010. Plaintiff denies the remaining allegations contained in paragraph 18 of the Counterclaim and its subparts.

19. Denies the allegations contained in paragraph 19 of the Counterclaim and its subparts.

20. Denies the allegations contained in paragraph 20 of the Counterclaim.

21. Denies the allegations contained in paragraph 21 of the Counterclaim.

22. Admits that Defendants discussed with Plaintiff in October 2008 the issue of possibly closing their Ottawa, Illinois HARDEE'S restaurant. Admits that without prior notice to or the consent of Plaintiff, and in violation of the terms of the franchise agreement, Defendants unilaterally closed that restaurant on February 22, 2009. Admits that as of the date of the closure of Defendants' restaurant, February 22, 2009, Defendants were not in arrears in their payment of royalties and Hardee's National Advertising Fund ("HNAF") advertising fees. Admits that Defendants deidentified the restaurant. Plaintiff denies the remaining allegations contained in paragraph 22 of the Counterclaim.

23. Admits that on February 24, 2010, via letter faxed to Plaintiff, Defendants notified Plaintiff of Defendants' unilateral closure of the restaurant as of February 22, 2009. Admits that Plaintiffs sent a "Notice of Default and Termination" dated February 27, 2009, and a subsequent "Notice of Abandonment" dated March 10, 2009, which said notices provide their own best evidence of their content. Plaintiff denies the remaining allegations contained in paragraph 23 of the Counterclaim.

24. Admits that Plaintiff did not exercise its option to buy the Ottawa, Illinois restaurant from Defendants. Admits that the February 27, 2009 letter and paragraph 20 of the franchise agreement provide their own best evidence of their provisions. Plaintiff denies the remaining allegations contained in paragraph 24 of the Counterclaim.

25. Admits that Defendants sent a letter to Plaintiff dated March 31, 2009, which provides its own best evidence of its content. Plaintiff denies the remaining allegations contained in paragraph 25 of the Counterclaim to the extent they are inconsistent with that content.

26. Admits that Plaintiff has filed suit and that Plaintiff has asserted claims as set forth in an amended Complaint. Plaintiff denies the remaining allegations contained in paragraph 26 of the Counterclaim.

27. The allegations contained in paragraph 27 of the Counterclaim assert conclusions of law to which no answer is required. To the extent an answer is required, Plaintiff denies the same.

28. The allegations contained in paragraph 28 of the Counterclaim assert conclusions of law to which no answer is required. To the extent an answer is required, Plaintiff denies the same.

29. Admits that the franchise agreement incorporated an Illinois Addendum which provides its own best evidence of its provisions and denies the remaining allegations contained in paragraph 29 of the Counterclaim.

30. The allegations contained in paragraph 30 of the Counterclaim assert a conclusion of law to which no answer is required. To the extent an answer is required, Plaintiff denies the same.

31. States that the franchise agreement provides its own best evidence of its provisions. Plaintiff denies the remaining allegations contained in paragraph 31 of the Counterclaim.

32. States that the letter of February 27, 2009, provides its own best evidence of its content. Plaintiff denies the allegations of paragraph 32 of the Counterclaim to the extent they are inconsistent with the same.

33. Denies the allegations of paragraph 33 of the Counterclaim.

## COUNT I

34. As and for its answer to paragraph 34 of the Counterclaim, Plaintiff adopts and incorporates by reference its above responses to paragraphs 1-33. To the extent any further answer is required, Plaintiff denies the allegations contained in paragraph 34 of the Counterclaim.

35. Plaintiff denies the allegations of paragraph 35 of the Counterclaim and its subparts. Further answering, Plaintiff states that all of Defendants' claims for purported breaches of contract and the covenant of good faith and fair dealing alleged in paragraph 35 and its subparts were dismissed by the Court's Memorandum and Order of March 3, 2011, except for

the purported breach of the covenant of good faith and fair dealing claim with respect to the nature of certain advertising complained of by Defendants.

36. Plaintiff denies the allegations of paragraph 36 of the Counterclaim. Further answering, Plaintiff states that all of Defendants' claims with respect to the alleged breaches referred to in paragraph 36 were dismissed by the Court's Memorandum and Order of March 3, 2011, except for the purported breach of the covenant of good faith and fair dealing with respect to the nature of certain advertising complained of by Defendants.

37. Plaintiff denies the allegations of paragraph 37 of the Counterclaim. Further answering, Plaintiff states that all of Defendants' claims with respect to the alleged breaches referred to in paragraph 37 were dismissed by the Court's Memorandum and Order of March 3, 2011, except for the purported breach of the covenant of good faith and fair dealing with respect to the nature of certain advertising complained of by Defendants.

38. Plaintiff denies each and every other allegation contained in Count I of the Counterclaim not expressly admitted in this Answer to Count I.

## FIRST AFFIRMATIVE DEFENSE

39. As and for its first affirmative defense to Count I of the Counterclaim, Plaintiff states that said count fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

40. As and for its second affirmative defense to Count I of the Counterclaim, Plaintiff states that Defendants have waived any right to assert their claim for an alleged denigration of the brand and trademarks in that Defendants agreed in Section 5 of the renewal franchise agreement ("Renewal Franchise Agreement"), a copy of which is attached hereto as Exhibit A,

7

that Plaintiff shall have sole discretion over the creative concepts of the advertisements which constitute the foundation of Defendants' denigration claim.

### THIRD AFFIRMATIVE DEFENSE

41. As and for its third affirmative defense to Count I of the Counterclaim, Plaintiff states that Defendants are estopped from asserting their claim for an alleged denigration of the brand and trademarks in that Defendants agreed in Section 5 of the Renewal Franchise Agreement that Plaintiff shall have sole discretion over the creative concepts of the advertisements which constitute the foundation of Defendants' denigration claim.

### FOURTH AFFIRMATIVE DEFENSE

42. As and for its fourth affirmative defense to Count I of the Counterclaim, Plaintiff states that Defendants have waived any right to assert their claim for an alleged denigration of the brand and trademarks in that Defendants agreed in Section 5 of the Renewal Franchise Agreement that, except as expressly provided therein, Plaintiff shall not assume any direct or indirect liability to Defendants with respect to the maintenance, direction or administration of the HNAF.

### FIFTH AFFIRMATIVE DEFENSE

43. As and for its fifth affirmative defense to Count I of the Counterclaim, Plaintiff states that Defendants are estopped from asserting their claim for an alleged denigration of the brand and trademarks in that Defendants agreed in Section 5 of the Renewal Franchise Agreement that, except as expressly provided therein, Plaintiff shall not assume any direct or indirect liability to Defendants with respect to the maintenance, direction or administration of the HNAF.

## SIXTH AFFIRMATIVE DEFENSE

44. As and for its sixth affirmative defense to Count I of the Counterclaim, Plaintiff states that Defendants have waived any right to assert their claim for an alleged denigration of the brand and trademarks in that the creation and airing of three of the advertisements about which Defendants complain denigrated the brand and trademarks ("Slow Ride," "Fist Girl" and "Paris") were known by Defendants well prior to Defendants executing their Renewal Franchise Agreement on February 6, 2006, and two of the three (Slow Ride and Fist Girl) had aired prior to June 19, 2005, the effective date of the Renewal Franchise Agreement.

## SEVENTH AFFIRMATIVE DEFENSE

45. As and for its seventh affirmative defense to Count I of the Counterclaim, Plaintiff states that Defendants are estopped from asserting their claim for an alleged denigration of the brand and trademarks in that the creation and airing of three of the advertisements about which Defendants complain denigrated the brand and trademarks (Slow Ride, Fist Girl and Paris) were known by Defendants well prior to Defendants executing their Renewal Franchise Agreement on February 6, 2006, and two of the three (Slow Ride and Fist Girl) had aired prior to June 19, 2005, the effective date of the Renewal Franchise Agreement.

## EIGHTH AFFIRMATIVE DEFENSE

46. As and for its eighth affirmative defense to Count I of the Counterclaim, Plaintiff states that Defendants have waived any right to assert their claim for an alleged denigration of the brand and trademarks in that the Defendants, prior to their unilateral closing of their Ottawa HARDEE'S restaurant and abandoning their franchise on February 22, 2009, never voiced any objection to Plaintiff about the creation or airing of any of the advertisements about which they now complain.

NINTH AFFIRMATIVE DEFENSE

47. As and for its ninth affirmative defense to Count I of the Counterclaim, Plaintiff states that Defendants are estopped from asserting their claim for an alleged denigration of the brand and trademarks in that the Defendants, prior to their unilateral closing of their Ottawa HARDEE'S restaurant and abandoning their franchise, never voiced any objection to Plaintiff about the creation or airing of any of the advertisements about which they now complain.

TENTH AFFIRMATIVE DEFENSE

48. As and for its tenth affirmative defense to Count I of the Counterclaim, Plaintiff states that pursuant to Section 16 of the Renewal Franchise Agreement, Defendants released, inter-alia, any and all claims arising out of or related to any agreements between Plaintiffs and Defendants, including, without limitation, any claims for the alleged denigration of the brand and trademarks based on the advertisements about which Defendants now complain.

ELEVENTH AFFIRMATIVE DEFENSE

49. As and for its eleventh affirmative defense to Count I of the Counterclaim, Plaintiff states that Defendants have released their claim for the alleged denigration of the brand and trademarks in that Defendants agreed in Section 5 of the Renewal Franchise Agreement that Plaintiff shall not be liable to Defendants and that Defendants will not sue Plaintiff and will hold Plaintiff harmless of any liability with respect to the advertisements that now constitute the foundation of Defendants' denigration claim.

TWELFTH AFFIRMATIVE DEFENSE

50. As and for its twelfth affirmative defense to Count I of the Counterclaim, Plaintiff states that Defendants have released their claim for the alleged denigration of the brand and trademarks in that Defendants agreed in Section 5 of the Renewal Franchise Agreement that,

except as expressly provided therein, Plaintiff shall not assume any direct or indirect liability to Defendants with respect to the maintenance, direction or administration of the HNAF.

## THIRTEENTH AFFIRMATIVE DEFENSE

51. As and for its thirteenth affirmative defense to Count I of the Counterclaim, Plaintiff states that pursuant to Section 6 of an Assignment Agreement executed by Defendants, a copy of which is attached hereto as Exhibit B, Defendants released, inter-alia, any and all claims arising out of or related to any agreements between Plaintiffs and Defendants, including, without limitation, the Renewal Franchise Agreement or Plaintiff's performance thereunder, including, without limitation, any claims for the alleged denigration of the brand and trademarks based on the advertisements about which Defendants now complain.

## FOURTEENTH AFFIRMATIVE DEFENSE

52. As and for its fourteenth affirmative defense to Count I of the Counterclaim, Plaintiff states that pursuant to Section 6 of a Termination Agreement executed by Defendants, a copy of which is attached hereto as Exhibit C Defendants released, inter-alia, any and all claims arising out of or related to any agreements between Plaintiffs and Defendants, including, without limitation, the Renewal Franchise Agreement or Plaintiff's performance thereunder, including, without limitation, any claims for the alleged denigration of the brand and trademarks based on the advertisements about which Defendants now complain.

## FIFTEENTH AFFIRMATIVE DEFENSE

53. As and for its fifteenth affirmative defense to Count I of the Counterclaim, Plaintiff states that to the extent Defendants sustained any damages as a result of any conduct of Plaintiff (which Plaintiff denies), such damages are consequential damages, and, therefore, precluded by Section 27D of the Renewal Franchise Agreement.

### SIXTEENTH AFFIRMATIVE DEFENSE

54. As and for its sixteenth affirmative defense to Count I of the Counterclaim, Plaintiff states that to the extent Defendants sustained any damages as a result of any conduct of Plaintiff (which Plaintiff denies), Defendants failed to mitigate their damages.

### SEVENTEENTH AFFIRMATIVE DEFENSE

55. As and for its seventeenth affirmative defense to Count I of the Counterclaim, Plaintiff states that to the extent Defendants sustained any damages as a result of any conduct of Plaintiff (which Plaintiff denies), the nature and amount of said damages are completely speculative.

### EITHTEENTH AFFIRMATIVE DEFENSE

56. As and for its eighteenth affirmative defense to Count I of the Counterclaim, Plaintiff states that to the extent Defendants sustained any damages as a result of any conduct of Plaintiff (which Plaintiff denies), Defendants have already recouped any such damages from the revenue generated pursuant to the Renewal Franchise Agreement.

### COUNT II

57. Makes no further answer to Count II or paragraphs 38 through 50 thereof as Count II was dismissed by the Court's Memorandum and Order of March 3, 2011.

### PRAYER

WHEREFORE, having fully answered Count I of Defendants' First Amended Counterclaims, and Count II of Defendants' First Amended Counterclaims having been dismissed, Plaintiff prays this Court enter judgment in its favor and against Defendants on Count I of the First Amended Counterclaims, dismiss Count I of the First Amended Counterclaims with prejudice, award Plaintiff its costs and expenses, including, but not limited to, its reasonable

attorneys' fees and expert witness' fees pursuant to Section 27E of the Franchise Agreement, and order such other relief this Court deems just and proper in the premises.

        THE STOLAR PARTNERSHIP LLP

        /s/ Michael A. Fisher
        Michael A. Fisher, #23524MO
        maf@stolarlaw.com
        /s/ Susan Nell Rowe
        Susan Nell Rowe, #33360MO
        snr@stolarlaw.com

911 Washington Avenue, 7th Floor
St. Louis, Missouri 63101
Tel.:  (314) 231-2800
Fax:  (314) 436-8400

GRAY, PLANT, MOOTY, MOOTY AND BENNETT, P.A.

        /s/ Peter J. Klarfeld
        Peter J. Klarfeld
        peter.klarfeld@gpmlaw.com

Suite 1111 - The Watergate
2600 Virginia Avenue NW
Washington, D.C. 20037
Tel:  (202) 295-2226
Fax:  (202) 295-2276

Attorneys for Plaintiff Hardee's Food Systems, Inc.

**CERTIFICATE OF SERVICE**

       I hereby certify that on March 17, 2011, the foregoing Answer and Affirmative Defenses of Plaintiff to Count I of Defendants' First Amended Counterclaims was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following

| | |
|---|---|
| Gregory C. Mollett, Esq. | L. Michael Hankes, Esq. |
| gcm@greensfelder.com | mh@hankeslaw.com |
| Marcus Wilbers | 63 Commercial Wharf |
| mcw@greensfelder.com | Boston, Massachusetts 02110 |
| Greensfelder, Hemker, & Gale, P.C. | (617) 723-1144 |
| 10 South Broadway, Suite 2000 | (617) 723-0304 facsimile |
| St. Louis, Missouri 63102 | Attorney for Defendants |
| (314) 241-9090 | |
| (314) 345-4792 facsimile | |
| Attorneys for Defendants | |

/s/ Michael A. Fisher

09127310.DOC